IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN P. FARRELL and LINDSAY FARRELL,<br><br>Plaintiffs,<br><br>v.<br><br>CASEY'S GENERAL STORES INC. and CASEY'S RETAIL COMPANY INC.<br><br>Defendants. | Case No. 8:24-CV-00008<br><br>COMPLAINT, JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL |

The Plaintiffs by and through their counsel Joseph Hall of Joseph D Hall & Associates LLC, hereby complain and allege against the above-named Defendants as follows:

PARTIES, JURISDICTION, AND VENUE

1.     Plaintiffs, John P. Farrell and Lindsay Farrell, are married individuals and reside in Douglas County, State of Nebraska with an address of 14965 Himebaugh Ave, Omaha, NE 68116.

2.     Defendant Casey's General Stores Inc. (hereinafter "Casey's General") is, upon information and belief, a corporation organized under the laws of the State of Iowa and is licensed to conduct business in the State of Nebraska at all times pertinent hereto, with a principal office address

of 1 SE Convenience Blvd. Ankeny, IA 50021, and manages the location at 7141 N 156th St, Omaha, NE 68007.

3. Defendant Casey's Retail Company Inc. (hereinafter "Casey's Retail") is, upon information and belief, a corporation organized under the laws of the State of Iowa and is licensed to conduct business in the State of Nebraska at all times pertinent hereto, with a principal office address of 1 SE Convenience Blvd. Ankeny, IA 50021, and owns the property located at 7141 N 156th St, Omaha, NE 68007. Pleading in the Alternate, Casey's Retail might not only be the property owner but might manage and operate the location.

4. The incident complained of herein occurred at the Casey's General Store, a convenience store and gas station, located at 7141 N 156th St, Omaha, NE 68007 (hereinafter the "Store").

## GENERAL ALLEGATIONS

5. All preceding paragraphs are incorporated as if fully set forth herein.

6. At all times relevant to this Complaint, Casey's General managed and operated the Store located at 7141 N 156th St. Omaha, NE 68007.

7. Alternatively, upon information and belief, at all times relevant to this Complaint Defendant Caseys Retail

managed and operated the Store located at 7141 N 156th St. Omaha, NE 68007.

8. Upon information and belief and at all times relevant to this Complaint, Casey's Retail owned the property at 7141 N 156th St. Omaha, NE 68007.

9. For the purposes of Jurisdiction, the Incident complained of herein occurred at 7141 N 156th St, Omaha, NE 68007 (the Store).

10. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1332 and 1391, as complete diversity among the parties exists and the amount in conflict is over $75,000.

### September 20, 2023 EVENT

11. On September 20, 2023, Plaintiff John Farrell went to the Store at 7141 N 156th St. Omaha, NE 68007 to purchase some items.

12. On September 20, 2023, Plaintiff John Farrell, on and around roughly 10:55 PM got to the Store which appeared open with lights on and people inside.

13. On September 20, 2023, Plaintiff John Farrell, on and around roughly 10:55 PM, walked up to the door of the Store and was met by an Unknown Male Employee of Casey's who was in the process of locking the store for the night.

14. On September 20, 2023, when Plaintiff John Farrell was met by the Unknown Male Employee at the door of the Store, he was told he could go inside and grab a few things, but that he needed to "hurry up" because it was getting close to the time the Store closed and he was anxious to get the Store closed for the night.

15. On September 20, 2023, when Plaintiff John Farrell walked inside the Store he was their as a paying customer that had been lawfully invited to come into the Store by the Unknown Male Employee and the "open" signage in front of the Store.

16. On September 20. 2023, before Plaintiff John Farrell entered the store, the Casey's employees had purposely mopped or cleaned the floor with cleaning liquid or solution.

17. On September 20. 2023, before Plaintiff John Farrell entered the store the floors were purposely made wet by the employees as part of the Stores closing procedures.

18. On September 20, 2023, when Plaintiff John Farrell entered the Store the floor of the Store was still wet with the cleaning liquid or solution that was used to clean the floor.

19. On September 20, 2023, when Plaintiff John Farrell went inside the store no signs were out in the front area of the store to indicate the dangerous wet and slippery floors.

20. On September 20, 2023, when Plaintiff John Farrell was moving through the Store, he was moving faster than he ordinarily would because of what he was instructed to do by

      the Unknown Male Employee that he met and spoke with at the door.

21. On September 20, 2023, when Plaintiff John Farrell was moving down the aisle of the Store to quickly grab the items he wished to purchase, he slipped on the wet floor and fell.
22. On September 20, 2023, when Plaintiff John Farrell slipped, his feet went out from under him and he flew up into the air onto his back.

23. On September 20, 2023, when Plaintiff John Farrell was moving through the aisle of the Store, no signs or anything else was present and visible to notify or indicate to customers that the floor was wet or had been recently mopped.

24. On September 20, 2023, when Plaintiff John Farrell spoke with the attendant at the door nothing about the floor being wet was mentioned to Plaintiff John Farrell.

25. On September 20, 2023 when Plaintiff John Farrell fell at the Store, Plaintiff John Farrell ended up on his back, in extreme pain, and realized that he could not move or get up like he normally would be able to.

26. On September 20, 2023 when Plaintiff John Farrell fell, he was seriously injured including, but not limited to, multiple fractures in his back and spine, herniations of discs in his back and spine, nerve damage issues and impact related soft tissue injuries.

27. On September 20, 2023 after Plaintiff John Farrell fell, he was taken directly to the emergency room.

## FIRST CLAIM FOR RELIEF

### (Negligence and Recklessness of Defendants Casey's General, and Casey's Retail)

28. All preceding paragraphs are incorporated as if fully set forth herein.

29. At and prior to the time of the subject incident complained of herein, Defendants Casey's General and Casey's Retail were generally and specifically aware of the hazards associated with people falling on wet and slippery floors.

30. At and prior to the time of the subject incident complained of herein, Defendants Casey's General and Casey's Retail, had standard operating procedures which required employees to place warning signs during and after cleaning the floor with liquid takes place.

31. At and prior to the time of the subject incident complained of herein, Defendants Casey's General and Casey's Retail had a duty to operate, maintain, and clean their Store in a safe, reasonable and prudent way, thus conforming to the standard of care and the standard of the industry.

32. Defendants Casey's General and Casey's Retail breached its duty and carelessly and recklessly allowed the Plaintiff John Farrell into the Store despite knowing the Store had liquid on the floors creating a dangerous condition and that no indication of the danger was present to alert him of the danger.

33. Defendant's Unknown Male Employee breached its duty and carelessly and recklessly allowed the Plaintiff John Farrell into the Store despite knowing the Store had

liquid on the floors from being cleaned creating a dangerous condition and that no indication of the danger was present.

34. Defendant's Unknown Male Employee told Plaintiff John Farrell to "hurry up" causing Plaintiff John Farrell to proceed to proceed through the store faster than he normally would, despite the fact the employee knew of should have known, the additional danger this created with the hazardous conditions from the slippery floors.

35. Defendant's Employees acted outside the scope of the standard operating procedures that Casey's General and Casey's Retail (*alternatively*) uses at their locations.

36. On or about September 20, 2023, Plaintiff John Farrell was the victim of the negligence, carelessness, and recklessness of Defendants which includes, but is not necessarily limited to, the following negligent and reckless acts:
    a. Negligent hiring and retention of Store employees;
    b. Negligent instruction to Store employee;
    c. Failure to properly maintain the Store;
    d. Failure to ensure safe and appropriate Store conditions as a condition of maintaining the Store: to wit, failure to ensure Defendants Employee had sufficient ability to operate the Store in a safe manner;
    e. Breach of the standard of care for the operation of a retail store open to the public;
    f. Failure to perform cleaning services within the expected standard of performance;
    g. Failure to keep the operations and activities of personnel under the proper observation;
    h. The ignorance or refusal to follow reasonable and acceptable safety practices and regulations;

    i. The failure to employ sufficient and competent personnel and other employees with which to provide reasonably prudent and proper practices for all operations and activities occurring at the Store location;

    j. Failure to use ordinary and reasonable care while maintaining the Store, particularly with implementing practices, protocols, equipment, supplies, and/or training personnel as to avoid injury to human health.

37. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants Casey's General and Casey's Retail, Plaintiff John Farrell suffered severe and life-altering injuries, damages, and losses.

38. As a result of the Defendants' negligence, carelessness, and recklessness, Plaintiffs suffered and will continue to suffer damages, including but not limited to:
    a. Bodily injuries;
    b. Medical expenses;
    c. Future medical expenses;
    d. Permanent impairment, disability, and restrictions;
    e. Impaired earing capacity;
    f. Past lost wages;
    g. Future lost wages;
    h. Pain;
    i. Suffering;
    j. Mental and emotional distress;
    k. Loss of enjoyment of life;
    l. Loss of time;
    m. Loss of Consortium for Plaintiff Lindsay Farrell;
    n. Incidental damages; and
    o. Other injuries and damages not yet determined.

## SECOND CLAIM FOR RELIEF

### (Premises Liability against Casey's General and Casey's Retail (in the alternate))

39. All preceding paragraphs are incorporated as if fully set forth herein.

40. Defendants Caseys General and Caseys Retail (*alternatively*) knew or should have known of the hazards associated with using cleaning fluid on a floor without proper warnings and the dangerous condition and unreasonable risk of harm it created for Plaintiff John Farrell and all customers visiting and soliciting the Store location.

41. Defendants Caseys General and Caseys Retail (*alternatively*) failed to warn Plaintiff John Farrell and other customers visiting and soliciting the Store location of the dangerous condition it created by cleaning the floor by not placing out the proper warning signs and indicators.

42. Defendants Caseys General and Caseys Retail (*alternatively*) knew or should have known that Plaintiff John Farrell, and other customers visiting the store, would not discover or realize that the floor was slippery with cleaning fluid and/or would fail to protect themselves from the slippery floor.

43. Defendants Caseys General and Caseys Retail (*alternatively*) negligently, carelessly, and recklessly failed to protect Plaintiff John Farrell from the danger of the slippery floor created by employees that had the potential of creating a serious injury.

44. Defendants Caseys General and Caseys Retail (*alternatively*) negligence, carelessness and recklessness

were a proximate cause of Plaintiff John Farrell's injuries, damages and losses.

45. As a result of the Defendants Caseys General and Caseys Retail (*alternatively*) negligence, carelessness, and recklessness, Plaintiffs suffered and will continue to suffer damages, including but not limited to:
   a. Bodily injuries;
   b. Medical expenses;
   c. Future medical expenses;
   d. Permanent impairment, disability, and restrictions;
   e. Impaired earing capacity;
   f. Past lost wages;
   g. Future lost wages;
   h. Pain;
   i. Suffering;
   j. Mental and emotional distress;
   k. Loss of enjoyment of life;
   l. Loss of time;
   m. Loss of Consortium for Plaintiff Lindsay Farrell;
   n. Incidental damages; and
   o. Other injuries and damages not yet determined.

### THIRD CLAIM FOR RELIEF
### (Vicarious Liability of Defendant Casey's General and/or Caseys Retail (in the alternate))

46. All preceding paragraphs are incorporated as if fully set forth herein.

47. Upon information and belief, an Unknown Male Employee, was at all times an employee, agent and/or servant of Defendant Casey's General or Casey's Retail *(alternatively).*

48. Upon information and belief, the Unknown Male Employee was performing operational services for Defendant Casey's General or Casey's Retail *(alternatively)* business purposes at the Store during the time of the subject incident.

49. Upon information and belief, the Unknown Male Employee was acting within the course and scope of his employment with Casey's General and Casey's Retail *(alternatively)* when he was performing operational services at the Store located at 7141 N 156th St, Omaha, NE 68007, at or about the time of the subject incident.

50. Defendant Casey's General and Casey's Retail *(alternatively)* is vicariously liable for the negligence, carelessness, and recklessness of the Unknown Male Employee and is responsible for all injuries and damages described more fully herein under the doctrine of *respondeat superior*.

51. As a result of Defendant Casey's General's and Casey's Retail's *(alternatively)* negligence, imputed to it through the negligence of its employee, servant and/or agent, the Unknown Male Employee, Plaintiffs suffered and will continue to suffer damages, including but not limited to:
    a. Bodily injuries;
    b. Medical expenses;
    c. Future medical expenses;
    d. Permanent impairment, disability, and restrictions;
    e. Impaired earing capacity;
    f. Past lost wages;
    g. Future lost wages;
    h. Pain;
    i. Suffering;
    j. Mental and emotional distress;

      k. Loss of enjoyment of life;
      l. Loss of time;
      m. Loss of Consortium for Plaintiff Lindsay Farrell;
      n. Incidental damages; and
      o. Other injuries and damages not yet determined.

## FOURTH CLAIM FOR RELIEF
### (Loss of Consortium – Lindsay Farrell)

52. All preceding paragraphs are incorporated as if fully set forth herein.

53. Plaintiff John Farrell and Plaintiff Lindsay Farrell were married under the laws of the State of Nebraska at the time of the subject incident, and they continue to be married at the time this complaint is filed.

54. As a direct and proximate result of the incident on September 20, 2023, and of the resulting injuries to Plaintiff John Farrell, Plaintiff Lindsay Farrell suffered and continues to suffer damages, including but not limited to, loss of affection, loss of companionship, loss of assistance, and loss of society.

WHEREFORE, the Plaintiffs request monetary damages in an amount to fairly and justly compensate Plaintiffs for past and future injuries, damages and losses, statutory interest from the date this cause of action accrued, post-judgment interest, and interest otherwise allowed by law, court costs, costs, expert witness fees, deposition expenses, attorneys' fees if applicable, and for such other and further relief as the Court may deem just and proper.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiffs Demand trial by a jury in Omaha, Nebraska.

JOHN P FARRELL and
LINDSAY FARRELL,
Plaintiffs

*BY: Joseph Hall*
Joseph Hall #26949
Joseph D Hall & Associates
1065 N 115th St #130
Omaha, NE 68154
(402) 990-5953
(402) 408-8392 *Facsimile*
Joe@jdhalaw.com
*Attorney for Plaintiffs*